UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI, | CASE NO. 2:25-cv-00860-JHC |
| Plaintiff, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 13) |
| v. | |
| AMAZON.COM INC., | |
| Defendant. | |

This matter comes before the Court on Judge John H. Chun's denial (Dkt. No. 21) of Plaintiff's motion for recusal.[1] (Dkt. No. 13.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Chun's decision not to recuse.

---

[1] Plaintiff has filed identical recusal motions against Judge Chun in two related cases. *See Ligeri v. Amazon.com Services LLC et al*, 2:25-cv-00764-JHC and *Ligeri v. Amazon.com Services LLC*, 2:25-cv-00796-JHC.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 13) - 1

1    Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is
2    required if a judge's impartiality might reasonably be questioned or if the judge harbors personal
3    bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive
4    from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL
5    501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
6    1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is
7    appropriate if "a reasonable person with knowledge of all the facts would conclude that the
8    judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622,
9    626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance
10   of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.
11   1992).

12   On June 25, 2025, Plaintiff filed a motion challenging the assignment of this and two
13   other cases to Judge Chun.[2]  (Dkt. No. 13.)  Plaintiff argues Judge Chun's "decade-long
14   tenure" as a member of the American Arbitration Association's Commercial and Employment
15   panels "raises a serious and unavoidable concern of inescapable partiality in this matter."
16   (*Id.* at 2.)  Plaintiff asserts that his case challenges "the abuse of arbitration clauses, the post-
17   termination overreach of arbitration frameworks, and the systemic weaponization of
18   those tools by corporate actors like Amazon."  (*Id.*)

19   Plaintiff argues Judge Chun's background "doesn't just create the appearance of
20   alignment with those systems—it embodies the establishing of them . . . [h]is resume is the
21   mutant ideal of what Amazon seeks: a jurist fluent in corporate hyper technicality, trained in

---

[2] This Order addresses only those issues related to Judge Chun's alleged bias.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 13) - 2

procedural logic over equitable remedy, and fundamentally shaped by the very mechanisms now under scrutiny." (*Id.*)

Judge Chun declined to recuse himself from this case, finding that Plaintiff's accusations of bias were conclusory. (Dkt. No. 21.) The Court agrees. Based on the information available to the Court, Judge Chun was a member of the American Arbitration Association's Commercial and Employment panels between 2004 and 2014.[3] Judge Chun's participation in these panels more than a decade ago would not cause a reasonable person to question his impartiality. *Brody v. President & Fellows of Harvard Coll.*, 664 F.2d 10, 11 (1st Cir. 1981) ("All judges come to the bench with a background of experiences, associations and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal."). Plaintiff's assertions concerning Judge Chun's background and perspective are unfounded assumptions that cannot support a motion for recusal. *In re United States*, 666 F.2d 690, 694 (1st Cir.1981) (A judge should not recuse himself based "on unsupported, irrational, or highly tenuous speculation; were he or she to do so, the price of maintaining the purity of appearance would be the power of litigants or third parties to exercise a negative veto over the assignment of judges.").

The Court finds no evidence that would lead a reasonable person to question Judge Chun's impartiality. Accordingly, the Court AFFIRMS Judge Chun's denial (Dkt. No. 21) of Plaintiff's motion for recusal. (Dkt. No. 13.)

Dated this 22nd day of July, 2025.



David G. Estudillo
United States District Judge

---

[3] https://www.courts.wa.gov/appellate_trial_courts/bios/?fa=atc_bios.display&folderid=div1&fileID=chun

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 13) - 3