1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI, | CASE NO. 2:25-cv-00764-JHC |
| Plaintiff, | OMNIBUS ORDER |
| v. | |
| AMAZON.COM SERVICES LLC; AMAZON PAYMENTS, INC., | |
| Defendants. | |
| BENJAMIN JOSEPH LIGERI, | CASE NO. 2:25-cv-00796-JHC |
| Plaintiff, | |
| v. | |
| AMAZON.COM SERVICES LLC, | |
| Defendant. | |
| BENJAMIN JOSEPH LIGERI, | CASE NO. 2:25-CV-00860-JHC |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC. | |
| Defendant. | |

ORDER- 1

# I

## INTRODUCTION

This matter comes before the Court on a number of pending motions. This Order addresses (1) Plaintiff Ligeri's Motion to Vacate Reassignment; (2) Defendant Amazon's Motion to Consolidate Cases; (3) Ligeri's "Motion to Clarify Procedural Posture, Respond to Defendants' Motions Rife with Character Attacks, and Request Oral Argument on the Matters Before the Court"; (4) Amazon's Motion to Compel Arbitration; (5) Amazon's Motion to Compel Arbitration and Motion to Dismiss; and (6) Amazon's Motion to Stay Discovery and 26(f) Deadlines.[1] The Court has considered the materials filed in support of and in opposition to the motions, the rest of the file, and the governing law. The Court finds oral argument unnecessary. For the reasons below, the Court enters the following Order.

# II

## BACKGROUND

In Case No. 25-764, pro se Plaintiff Benjamin Joseph Ligeri alleges that Amazon committed wire fraud and bank fraud aimed at him and businesses he owns. Dkt. # 1 at 4. He says that Amazon unlawfully withheld around $30,000 in funds for products he sold through his businesses on Amazon. *Id.* at 5. He adds that Amazon tried to take thousands of dollars out of his bank account during arbitration. *Id.* at 4–5. He says that Amazon violated RICO, and that the company's withholding of funds amounts to an unlawful conversion. *Id.* at 8–9.

---

[1] These motions were filed across the above-captioned cases. Amazon filed its motion to consolidate in 25-764, Dkt. # 9. The company moved to compel arbitration in Case No. 25-860, Dkt. # 15. It moved to compel arbitration and to dismiss in Case No. 25-796, Dkt. #15. Amazon moved to stay discovery and Rule 26(f) deadlines in Case No. 25-860, Dkt. # 25.

Ligeri filed his motion to vacate judicial reassignment in Case No. 25-764, Dkt. # 15; Case No. 25-796, Dkt. # 13; Case No. 25-860, Dkt. # 13. He filed his motion to clarify in Case No. 25-764, Dkt. # 20; Case No. 25-796, Dkt. # 19; Case No. 25-860, Dkt. # 20.

In Case No. 25-796, Ligeri asserts that he owns multiple trademarks that relate to products he sold on Amazon. Dkt. # 1 at 2. He says that Amazon "baselessly" deactivated his seller's account in 2023 and confiscated his funds, inventory, and brands. *Id.* He alleges that Amazon has now "rebranded" his listings under fake names and has been "blacklisting" his trademarks. *Id.* at 3. Ligeri asserts that Amazon has committed trademark infringement. *Id.* at 9–10.

In Case No. 25-860, Ligeri brings claims against Amazon related to the company's alleged "systematic destruction" of his brands. Dkt. # 1 at 5.[2] Ligeri alleges that his "PrimeMed" medical brand on Amazon was "delisted," "devalued," and that Amazon has engaged in "intellectual property sabotage." *Id.* Ligeri is seeking, among other things, a declaratory judgment recognizing his "foundational contributions to Amazon's Marketplace model" and requests a "constructive trust awarding him a 1.25%–1.75% equity interest" in Amazon. *Id.* at 15.

## III

### DISCUSSION

A.     Citations to Non-Existent Precedent

Ligeri's filings include citations to nonexistent judicial opinions. They also include "quotations" from existing judicial opinions, but the purported quotes do not exist. For example, Ligeri cites "*Investor Life Ins. Co. v. Camarillo*, No. 2:19-CV-01185, 2020 WL 2736090, at *2 (C.D. Cal. Apr. 15, 2020)," in his opposition to Amazon's motion to consolidate for the proposition that "[c]onsolidation is improper when it may prejudice a party or cause delay."

---

[2] Across these three cases, Ligeri brings claims against Amazon.com, Inc. and its subsidiaries Amazon.com Services LLC and Amazon Payments, Inc. Case No. 25-764; Case No. 25-796; Case No. 25-860. This Order simply refers to these entities as "Amazon." The parties do so as well in their briefing. *See, e.g.*, Case No. 25-764, Dkt. ## 9, 15.

Case No. 25-764, Dkt. # 12 at 5.  But this case does not exist.[3]  And in his motion to vacate

judicial reassignment, Ligeri "quotes" *Hall v. Hall*, 584 U.S. 59 (2018), as stating,

"Consolidation cannot precede a ruling establishing commonality. Reassignment based on

anticipated outcome is improper."  Case No. 25-764, Dkt. # 15 at 3.  This "quote" does not exist

in this opinion.  Amazon suggests that Ligeri is using artificial intelligence (AI) to draft his

briefing.  *See* Case No. 26-764, Dkt. # 19 at 3.

Considering recent cases involving fake citations generated by AI software, Amazon's

suggestion may have merit.  *See Dukuray v. Experian Info. Sols.*, No. 23 CIV. 9043 (AT) (GS),

2024 WL 3812259, at *11 (S.D.N.Y. July 26, 2024), *report and recommendation adopted*, No.

23 CIV. 9043 (AT), 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024).  As other courts have noted,

"non-existent precedent generated" by AI is "an abuse of the adversary system."  *Park v. Kim*, 91

F.4th 610, 615 (2d Cir. 2024).  And courts have sanctioned attorneys who have cited nonexistent

judicial opinions in their briefing.  *See Park*, 91 F.4th at 614 (referring attorney to the court's

grievance panel for further investigation); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 466

(S.D.N.Y. 2023) (imposing a $5,000 penalty on the attorney); *Johnson v. Dunn*, No. 2:21-CV-

1701-AMM, 2025 WL 2086116, at *20 (N.D. Ala. July 23, 2025) (publicly reprimanding

attorneys, disqualifying them from the case, and directing the clerk of the court to serve a copy

of the court's order on the state bar and any other applicable licensing authorities for further

investigation).

The Court recognizes that Ligeri is proceeding pro se and that he is possibly unaware that

AI software can generate fake case citations and misstate the law.  But as one court noted in

admonishing a pro se plaintiff who engaged in similar conduct, "it is no more acceptable for a

---

[3] The Westlaw citation leads to a party's briefing in a Florida state court case.  *See Castaneda* v. *Citizens Prop. Ins. Co.*, 2020 WL 2736090 (Fla. Cir. Ct. Feb. 27, 2020).

pro se litigant to submit briefs with fake case citations than it is for a lawyer to do so." *Dukuray*, 2024 WL 3812259, at \*11 (cleaned up).  And "while courts 'make some allowances for the pro se [p]laintiff's failure to cite to proper legal authority,' courts do not make allowances for a [p]laintiff who cites to fake, nonexistent, misleading authorities." *Id.* (quoting *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023 WL 6976510, at \*8 (D.N.M. Oct. 23, 2023)). "Quite obviously, many harms flow from such deception—including wasting the opposing party's time and money, the [c]ourt's time and resources, and reputational harms to the legal system (to name a few)." *Morgan*, 2023 WL 6976510, at \*8.

Thus, the Court warns Ligeri that any future filings that contain citations to nonexistent cases and fake "quotes" may result in sanctions, such as his submissions being stricken, filing restrictions or monetary penalties being imposed, or the case being dismissed. *Dukuray*, 2024 WL 3812259, at \*12 (similar warning); *Morgan*, 2023 WL 6976510, at \*8 (same); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (noting that Rule 11, which permits courts to impose sanctions on parties, applies to pro se litigants); *Wong v. Navient Sols., LLC*, No. C19-1233JLR, 2020 WL 978520, at \*4 (W.D. Wash. Feb. 28, 2020) ("Rule 11 still applies to pro se plaintiffs, and the court may not exempt them from sanctions purely based on their pro se status.") (cleaned up).

B.    Ligeri's Motion to Vacate Judicial Reassignment

Ligeri contends that the assignment of these cases to this Court undermines the Western District of Washington's Local Rules and prejudices him "by locking in judicial control before any legal threshold for relatedness or consolidation has been met."  Case No. 25-764, Dkt. # 15 at 1; Case No. 25-796, Dkt. # 13 at 1; Case No. 25-860, Dkt. # 13 at 1.  He says that the cases are "not related" and his due process rights have been violated.  *Id.* at 1–2.

Amazon responds that Ligeri has confused assignment with consolidation.  Case No. 25-764, Dkt. # 19; Case No. 25-796, Dkt. # 18; Case No. 25-860, Dkt. # 19.  The company says that assigning the three cases to this Court for judicial efficiency does not render them consolidated.  *Id.*

Under the Western District of Washington's General Order 03-25, when civil actions "involving common questions of law and fact" "are assigned to different judges and it appears to any judge of this court that there may be good reason to assign all such actions to one judge, those cases may be assigned to the judge with the case bearing the earliest filing date, at that judge's option."  General Order 03-25 at 3.  As noted above, these three cases involve claims against Amazon about alleged activities related to Ligeri's operation of selling accounts in Amazon's online marketplace.  *See generally* Case No. 25-764, Dkt. #1; Case No. 25-796, Dkt. # 1; Case No. 25-860, Dkt. # 1.  Thus, there is "good reason" to have all three cases assigned to one judge.  Ligeri's conclusory allegations of "procedural manipulations" do not suggest otherwise.  *Id.*

Ligeri also contends that the reassignment of the three cases to this Court was improper because of the "appearance of bias" by this Court.  Case No. 25-764, Dkt. # 15 at 2; Case No. 25-796, Dkt. # 13 at 2; Case No. 25-860, Dkt. # 13 at 2.  The Court addressed this issue in its previous order denying Ligeri's request for recusal.  *See* Case No. 25-764, Dkt. # 21; Case No. 25-796, Dkt. # 20; Case No. 25-860, Dkt. # 21.  Chief Judge David G. Estudillo affirmed the Court's denial of recusal.  *See* Case No. 25-764, Dkt. # 22; Case No. 25-796, Dkt. # 21; Case No. 25-860, Dkt. # 22.

Based on the above, the Court denies Ligeri's motion.[4]

C.     Amazon's Motion to Consolidate

Amazon moves to consolidate the above-captioned cases under Federal Rule of Civil Procedure 42(a).  Case No. 25-764, Dkt. # 9.  The company contends that consolidation is appropriate because the cases involve the same parties and the same underlying facts: Ligeri's activities as a third-party seller on Amazon.  *Id.* at 2.  Ligeri opposes consolidation, contending that the cases involve "distinct legal theories, timelines, evidentiary burdens, or remedies."  Case No. 25-764, Dkt. # 12 at 6.

Federal Rule of Civil Procedure 42(a) allows courts to consolidate cases "[i]f actions before the court involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  District courts have broad discretion to consolidate cases pending in the same district.  *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008).  In deciding whether to exercise this discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Mira v. Microsoft Corp.*, No. 2:24-CV-01353-TL, 2025 WL 474691, at *1 (W.D. Wash. Feb. 12, 2025) (in considering a motion to consolidate, courts consider factors such as "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to any opposing party") (cleaned up) (quotation omitted).  Consolidation "is permitted as a matter of

---

[4]Ligeri's "Motion to Clarify Procedural Posture, Respond to Defendants' Motions Rife with Character Attacks, and Request Oral Argument on the Matters Before the Court" asserts that Amazon and its counsel "behave like Napoleon invading Russia in the dead of winter— obsessed with destruction for conquests sake."  *See* Case No. 25-860, Dkt. # 20 at 2. He requests, among other things, that the Court strike Amazon's filings in this matter.  *Id.* at 4.  Ligeri's motion contains baseless allegations.  Thus, the Court denies the motion.

convenience and economy in administration." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933).

Consolidation is appropriate here. Having reviewed the Complaints in all three cases, the Court is satisfied that the lawsuits share related issues of law and overlapping facts. Across the three actions, Ligeri's claims relate to harm he allegedly suffered as a third-party seller on Amazon and as a brand owner whose trademarks were purportedly being infringed in the Amazon store. *See generally* Case No. 25-764, Dkt. # 1; Case No. 25-796, Dkt. # 1; Case No. 25-860, Dkt. # 1. And his claims stem from interactions with Amazon. *Id.* Thus, similar questions of law and fact arise across these matters. Given these similarities, and that all three cases are in the early stages of the proceedings, consolidation will promote judicial economy. *See Franzetti v. Pac. Mkt. Int'l LLC*, No. 2:24-CV-00191-TL, 2024 WL 1832470, at *3 (W.D. Wash. Apr. 26, 2024) ("Ultimately, given the substantial overlap between these matters, consolidation will promote judicial economy and expedite resolution of the cases by simplifying discovery, pretrial motions, and other case management issues, and it will reduce the risk of inconsistent results.").

Thus, the Court grants Amazon's motion to consolidate.[5]

D.    Motion to Compel Arbitration

Amazon contends that two prior court decisions compel Ligeri to arbitrate his disputes with Amazon. Case No. 25-796, Dkt. # 15 at 7; Case No. 25-860, Dkt. # 15 at 10. The company says that the Court should compel arbitration of this action pursuant to Amazon's Business

---

[5] In its motion to consolidate, Amazon notes that Ligeri sued Amazon.com, Inc., the parent company of Amazon.com Services LLC and Amazon Payments, Inc. in Case No. 25-860. In Case No. 25-764, Ligeri sued Amazon.com Services LLC and Amazon Payments, Inc. In Case No. 25-796, Ligeri sued Amazon.com Services LLC only. Amazon's parent company and subsidiaries are represented by the same counsel and all three entities consent to the consolidation of these matters. Case No. 25-764, Dkt. # 9 at 1 n.1

ORDER- 8

Solutions Agreement (BSA) with its sellers and collateral estoppel.  *Id.*  Ligeri asserts that he should not be compelled to arbitrate his claims because his allegations "postdate [his] seller status."  *See* Case No. 25-796, Dkt. # 17 at 2.

In 2023, Ligeri, along with four entities he owned, sued Amazon in the District of Connecticut, alleging that Amazon engaged in a "wide range of unlawful business practices." *Ligeri v. Amazon.com Inc.*, No. 3:23-CV-603 (JAM), 2024 WL 3638241, at *1 (D. Conn. Aug. 2, 2024), *appeal dismissed*, No. 24-2337, 2025 WL 711544 (2d Cir. Feb. 13, 2025).  Judge Jeffrey A. Meyer conducted a two-day evidentiary hearing and concluded that the parties had entered into a valid arbitration agreement under Amazon's BSA.  *Id.* at *11.  He noted that "[a]ll of the plaintiffs had knowledge of the BSA. The record contains approximately 70 electronic communications between the plaintiffs' seller accounts and Amazon that explicitly reference the BSA."  *Id.* at *4.  The court compelled arbitration as to the majority of the plaintiffs' claims except those that sought injunctive relief as related to alleged trademark infringement and theft of plaintiffs' trade secrets.  *Id.* at *11.  The court stayed the claims pending arbitration.  *Id.*

In February 2025, Ligeri sued Amazon in the Superior Court of Connecticut, Judicial District of New London asserting claims for (1) abuse of process, (2) tortious interference with business expectations, and (3) unfair trade practices.  Case No. 25-224, Dkt. # 1-1.[6]  Amazon removed the case to federal court.  Dkt. # 1.  On May 16, 2025, the court granted Amazon's motion to compel arbitration because Judge Meyer previously found that Ligeri is bound by a valid arbitration clause in Amazon's s BSA.  Dkt. # 21.  As the court noted, "[t]he stay that is in place in the earlier-filed action shall remain in effect following consolidation and until arbitration has concluded."  *Id.*

---

[6] This citation refers to the case number and docket number in the United States District Court for the District of Connecticut.

"Issue preclusion, or collateral estoppel, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040–41 (9th Cir. 2017) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)).  In other words, collateral estoppel prevents re-litigation of an issue of fact or law that was decided in a prior proceeding.  And "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor*, 553 U.S. at 891.[7]  Federal common law requires that "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Howard*, 871 F.3d at 1041 (quoting *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012)).

And "[t]o be 'final' for collateral estoppel purposes, a decision need not possess 'finality' in the sense of 28 U.S.C. § 1291." *Luben Indus., Inc. v. United States*, 707 F.2d 1037, 1040 (9th Cir. 1983).  "A 'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded conclusive effect." *Id.* (citing *Miller Brewing Co. v. Jos. Schlitz Brewing Co.,* 605 F.2d 990, 996 (7th Cir. 1979)).  To determine whether a decision is "sufficiently firm," the Ninth Circuit adopted the factors from the Restatement of Judgments:

> Preclusion should be refused if the decision was avowedly tentative. On the other hand, that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal, are factors supporting the conclusion that the decision is final for purpose of preclusion.

---

[7] The federal district court applied Washington law to determine the applicability and scope of the BSA and its arbitration clause; but the question here is the preclusive effect of a federal district court's order compelling arbitration, so the Court applies federal common law to answer this question. *See Ligeri*, 2024 WL 3638241, at *6.

*Id.* (cleaned up).  The Ninth Circuit has stated that "collateral estoppel does not apply to an unappealable determination, simply holding a ruling unappealable eliminates any prospect of preclusion."  *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1076 (9th Cir. 2001); *see also PharmacyChecker.com LLC v. LegitScript LLC*, 710 F. Supp. 3d 856, 868 (D. Or. 2024) (noting that the Ninth Circuit has stated that issue preclusion requires "the decision must be appealed or appealable").

Here, the record before the Court does not support finding that Judge Meyer's decision is a final judgment for collateral estoppel purposes.  First, although Judge Meyer concluded that the parties had entered into a valid arbitration agreement under Amazon's BSA, the Court stayed Ligeri's claims pending arbitration.  *Ligeri*, 2024 WL 3638241, at *11.  Judge Meyer did not dismiss Ligeri's claims against Amazon.  *Id.*  And on May 16, 2025, Judge Michael P. Shea confirmed that the stay "shall remain in effect following consolidation and until arbitration has concluded."  *Id.*  Case No. 25-224, Dkt. # 21.[8]

Next, the Second Circuit dismissed Ligeri's appeal for lack of subject matter jurisdiction because "[t]he district court's order compelling arbitration and staying the action is not a final order under 28 U.S.C. § 1291 and is not appealable under the collateral order doctrine."  *Ligeri*, No. 24-2337, 2025 WL 711544, at *1 (2d Cir. Feb. 13, 2025).  As the court explained, 9 U.S.C. § 16(b) "expressly prohibits appeal from an interlocutory order, compelling arbitration or staying an action pending arbitration, unless the district court certifies an interlocutory appeal pursuant to 28 U.S.C. § 1292(b)."  *Id.* (quoting *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d

---

[8] This citation refers to the case number and docket number in the United States District Court for the District of Connecticut.

360, 362 (2d Cir. 2003)).  Thus, Judge Meyer's order was not reviewed on appeal.  *Id.*; *see also Luben*, 707 F.2d 1037, 1040 (9th Cir. 1983).

Last, the parties are currently resolving claims concerning events that occurred while Ligeri was a seller on Amazon in arbitration.  In his Demand for Arbitration, Ligeri alleges that Amazon "wrongfully terminated" his seller's account and seized $73,000 in funds owed to him.  *See* Case No. 25-796, Dkt. # 16-1 (Ligeri's demand for arbitration includes claims against Amazon for breach of contract, wrongful termination of seller account, breach of the implied covenant of good faith and fair dealing; unlawful seizure of funds and inventory; tortious interference with business expectancy and declaratory relief).[9]  *See, e.g.*, *Fardig v. Hobby Lobby Stores, Inc.*, No. SACV14–00561 JVS (ANx), 2014 WL 12694581, at *5 (C.D. Cal. Nov. 10, 2014) (reasoning that the court's order compelling arbitration was not a final decision on the merits because "orders compelling arbitration are not appealable" and "the fact that if arbitration were to proceed, this [c]ourt would still retain the jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9, 10") (citations omitted).

Based on the above, the Court concludes that Judge Meyer's prior order compelling arbitration does not have preclusive effects.

Though issue preclusion does not bind this Court, the Court agrees with Judge Meyer that Ligeri is bound by the arbitration clause in the BSA.  *See Ligeri*, 2024 WL 3638241, at *1

---

[9] And the cases Amazon cites on this issue are distinguishable.  First, *Southeast Recovery Facility Authority v. Montenay International Corp.* involved a California state court decision compelling arbitration and the preclusive effects of that decision under California law.  973 F.2d 711, 713 (9th Cir. 1992) (stating that "an order compelling arbitration is given preclusive effect under California law").  The Court resolved the preclusion issue by applying California law.  And in *Blackhawk Network, Inc. v. Computer Services, Inc.*, No. 3:23-MC-80303-JSC, 2024 WL 3643089, at *4 (N.D. Cal. July 30, 2024), the court determined that under Washington law, a Washington state court decision *denying* a request for arbitration was final for preclusion purposes; the Court resolved the preclusion issue by applying Washington law.  *Id.*  Neither case resolved a preclusion issue in the context of a federal district court order granting a motion to compel arbitration.

(determining that "[a]s early as 2013, Ligeri knew that third-party sellers had "several agreements" with Amazon" and that he and entities he owned engaged in over 70 communications that explicitly referenced the BSA). Ligeri does not dispute the validity of the arbitration provision. *See generally* Case No. 25-796, Dkt. # 17. Instead, he asserts that the arbitration provision does not apply to his claims because they "post-date" his status as a seller on Amazon. *Id.* at 2.

Under Section 18 of the BSA, Ligeri agreed to resolve "by binding arbitration" any "dispute" or "claim" that relates "in any way" to "this Agreement" or "your use of the Services." *See* Case No. 23-603, Dkt. # 61-5 at 5.[10] And Section 3 of the BSA states, "On termination of this Agreement, all related rights and obligations under this Agreement immediately terminate, *except . . .* (e) Sections 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15 and *18* of these General Terms survive." *See* Case No. 23-603, Dkt. # 61-29 at 3 (emphasis added). Section 3 of the BSA plainly says that Section 18 of the BSA—the section containing the arbitration provision—survives the parties' termination of the agreement. Ligeri does not address this issue in his briefing. Nor does he raise any other arguments concerning the arbitration provision in his opposition papers. Thus, Ligeri's conclusory argument that he should not be compelled to arbitrate because his claims "post-date" his status as a seller lacks support.

Last, Amazon contends that the BSA delegates issues of arbitrability to the arbitrator. Case No. 25-796, Dkt. # 15 at 13–14; Case No. 25-860, Dkt. # 15 at 12. In resolving this issue, the Court must determine whether the parties' agreement provides "'clear and unmistakable' evidence" that they intended to delegate the question of arbitrability to the arbitrator. *Henry Schein*, 586 U.S. at 72 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995));

---

[10] This citation refers to the case number and docket number in the United States District Court for the District of Connecticut.

*see also Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("[G]ateway issues [of arbitrability] can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably* provide otherwise.") (quoting *AT&T Techs., Inc.*, 475 U.S. at 649); *First Options*, 514 U.S. at 944 ("Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so.") (first and second alterations in original) (citation omitted).

In *Brennan*, the Ninth Circuit stated that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130. But the court expressly "limit[ed] [its] holding to the facts of the present case, which d[id] involve an arbitration agreement between sophisticated parties." *Id.* at 1131 (citation and quotation marks omitted). Yet the court also acknowledged that its "holding does not foreclose the possibility that this rule could also apply to unsophisticated parties or to consumer contracts." *Id.* at 1030. However, since the Ninth Circuit decided *Brennan*, federal district courts, including those in this District, have observed that "the greater weight of authority since *Brennan* . . . concludes that *Brennan*'s holding also applies to disputes involving non-sophisticated parties[.]" *J.A. ex rel. v. Microsoft Corp.*, C20-0640-RSM-MAT, 2021 WL 1723454, at *8 (W.D. Wash. Apr. 2, 2021) (quoting *Weimin Chen v. Sierra Trading Post, Inc.*, C18-1581-RAJ, 2019 WL 3564659, at *5–6 (W.D. Wash. Aug. 6, 2019)); *McGee v. Nordstrom Inc.*, No. 2:23-cv-01875-JHC, 2024 U.S. Dist. LEXIS 155798, at *12 (W.D. Wash. Aug. 29, 2024) (same); *In re Wyze Data Incident Litig.*, No. C20-0282-JCC, 2020 WL 6202724, at *3 (W.D. Wash. Oct. 22, 2020) (inclusion of AAA rules constituted clear and unmistakable evidence of the intent to delegate arbitrability to the arbitrator in a case involving consumer purchasers of internet-enabled home security cameras).

1    As noted above, the arbitration provision states that the parties agree to arbitrate any

2  "dispute" or "claim" that relates "in any way" to "this Agreement" or "your use of the Services."

3  *See* Case No. 23-603, Dkt. # 61-5 at 5.  This broad provision necessarily includes the

4  enforceability of the arbitration agreement.  *See In re Wyze Data Incident Litgation*, 2020 WL

5  6202724, at *3.  And the arbitration provision also plainly says that the "[t]he arbitration will be

6  conducted by the American Arbitration Association (AAA) under its commercial rules."  Case

7  No. 23-603, Dkt, # 61-45 at 7–8.  Rule 7 of the AAA's Commercial Arbitration Rules state

8  "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any

9  objections with respect to the existence, scope, or validity of the arbitration agreement or to the

10  arbitrability of any claim or counterclaim, without any need to refer such matters first to a court."

11  *See* Am. Arb. Ass'n Com. R-7.  The BSA's incorporation of the AAA's rules "constitutes 'clear

12  and unmistakable' evidence that the parties intended to delegate the arbitrability question to an

13  arbitrator."  *See Brennan*, 796 F.3d at 1130.

14    Last, when a contract delegates arbitrability to an arbitrator, "the court need not conduct

15  further inquiries beyond the existence of the arbitration agreement."  *Fli-Lo Falcon*, *LLC v.

16  Amazon.com, Inc.*, 97 F.4th 1190, 1194 (9th Cir. 2024).  In *Rent-A-Center*, the Supreme Court

17  clarified that for such a contract, the challenging party cannot merely attack the arbitration

18  agreement as a whole.  *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 73–74 (2010).  Rather, the

19  party must "challenge[] the delegation provision *specifically*."  *Id.* at 72 (emphasis added).  This

20  is because a delegation provision is "simply an additional, antecedent agreement the party

21  seeking arbitration asks the federal court to enforce, and the FAA operates on this additional

22  arbitration agreement just as it does on any other."  *Id.* at 70.  And so long as the "antecedent"

23  agreement to delegate arbitrability is valid, then a court must enforce the delegation provision as

24  written.  *Id.*

ORDER- 15

1     Ligeri does not make any arguments challenging the delegation provision specifically.

2     And the BSA contains a valid, enforceable arbitration provision.  Thus, whether Ligeri's claims

3     fall within the scope of the arbitration provision must be resolved by the arbitrator.[11]

4     E.     Amazon's Motion to Dismiss

5     Claims "to enjoin infringement or other misuse of intellectual property rights" are not

6     subject to arbitration under the BSA.  *See Ligeri*, 2024 WL 3638241, at *3.  In its motion,

7     Amazon says that it is not seeking to compel Ligeri to arbitrate his intellectual property claims.

8     *See* Case No. 25-796, Dkt. # 15 at 15 n.4.  Instead, Amazon contends that these claims should be

9     dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Id.*

10     In reviewing a motion to dismiss under Rule 12(b)(6), a court takes all well-pleaded

11     factual allegations as true and determines whether the complaint "state[s] a claim to relief that is

12     plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

13     *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

14     factual content that allows the court to draw the reasonable inference that the defendant is liable

15     for the misconduct alleged."  *Id.*  Although the court draws all reasonable inferences in favor of

16     the plaintiff, it is not "required to accept as true allegations that are merely conclusory,

17     unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*,

18     266 F.3d 979, 988 (9th Cir. 2001).

19     The Lanham Act allows parties to bring civil causes of action against anyone who

20     "without the consent of the registrant" uses in commerce a "reproduction, counterfeit, copy, or

21     colorable imitation of a registered mark in connection with the sale . . . of any goods or services

22     on or in connection with which such use is likely to cause confusion, or to cause mistake, or to

23

24     ---

[11] Because the Court grants Amazon's motion to compel arbitration, Amazon's motion to stay is moot.

deceive[.]" 15 U.S.C. § 1114(1)(a)." *See Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1000 (9th Cir. 2023). To state a claim for trademark infringement, a plaintiff must allege that (1) they have a trademark right; (2) that was used by the defendant; (3) in a way that is likely to cause consumer confusion and thus infringe on the trademark right. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985).

Amazon asserts that Ligeri fails to state a claim for direct trademark infringement because he has failed to allege that Amazon itself is using his trademarks. Case No. 25-796, Dkt. # 15 at 15. Instead, the Complaint alleges that other sellers in the Amazon Store are purportedly using his trademarks. *Id.* at 16. Ligeri responds that he need not allege "40,000 instances of infringement." Case No. 25-796, Dkt. # 17 at 4.

Under a theory of direct liability, "the alleged infringer must directly use the trademarks; a party that merely facilitates or assists others' use cannot be liable for direct infringement." *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1101 (N.D. Cal. 2021), *aff'd in part*, No. 21-17062, 2023 WL 4704891 (9th Cir. July 24, 2023). Here, Ligeri has not stated a claim for direct infringement. The Complaint does not allege that Amazon directly used Ligeri's trademarks, such as in the advertisement or sale of any products. *See* Case No. 25-796, Dkt. # 1; *see also Sellify Inc. v. Amazon.com, Inc.*, No. 09 CIV 10268 JSR, 2010 WL 4455830, at *2 (S.D.N.Y. Nov. 4, 2010) ("Direct liability exists under the Lanham Act only when the defendant itself unlawfully uses in commerce another's trademark."). Ligeri's conclusory assertion that Amazon purportedly "initiated the rebranding" of his trademarks fails to state a facially plausible claim. *See* Case No. 25-796, Dkt. # 1 at 7; *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

And even liberally construing Ligeri's Complaint, he fails to state a claim against Amazon for secondary liability for trademark infringement.  A party that "intentionally induces another to infringe a trademark" or who "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement" is "contributorially responsible for any harm done as a result of the deceit."  *Y.Y.G.M. SA*, 75 F.4th at 1000 (quoting *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982)); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996).

The standard for "intentional inducement is fairly high. It requires that the contributory infringer do more than be able to "reasonably anticipate" the direct infringement." *Gibson Guitar Corp. v. Viacom Int'l Inc.*, No. CV 12-10870 DDP AJWX, 2013 WL 2155309, at *3 (C.D. Cal. May 17, 2013), *aff'd sub nom. Gibson Brands, Inc. v. Viacom Int'l, Inc.*, 640 F. App'x 677 (9th Cir. 2016) (quotation omitted).  The Complaint contains conclusory assertions that Amazon has a "self-reinforcing enforcement regime" that allows "bootleggers" to "overwrite listing data."  Case No. 25-796, Dkt. # 1 at 5–6.  The Complaint does not identify who Amazon purportedly induced to infringe Ligeri's trademarks or how Amazon induced such infringement. *See Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 983 (N.D. Cal. 2015) (determining that the plaintiff failed to state an intentional inducement claim because the Complaint "alleges no facts showing that Amazon or Google intentionally induced the third-party developers to infringe [the] plaintiff's mark, or that they knew that the third-party developers' apps/games were infringing [the] plaintiff's mark but continued to allow the infringing apps/games to remain available in the application stores").

To state a claim for contributory trademark infringement, the plaintiff must allege that the defendant "continue[s] to supply its services to one who it knew or had reason to know was engaging in trademark infringement."  *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658

F.3d 936, 942 (9th Cir. 2011) (quoting *Inwood Labs.*, 456 U.S. at 855).  The defendant must also have "direct control and monitoring of the instrumentality used by a third party to infringe."  *Id.* The defendant's actions satisfy the "'knows or had reason to know' standard if they are willfully blind to infringement, meaning they have knowledge of specific infringers or instances of infringement but ignored that fact."  *Safety Star LLC v. Aptibyte LLC*, No. C23-1399 BHS, 2025 WL 1043634, at *5 (W.D. Wash. Apr. 8, 2025) (quoting *Y.Y.G.M. SA*, 75 F.4th at 1002–03) (cleaned up).

Ligeri does not allege that Amazon has the requisite knowledge for purposes of contributory infringement.  The Complaint does not say that Amazon knew of any specific instances of infringement and chose not to act.  *Z Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 766 (N.D. Cal. 2021) (stating that the complaint failed to state a claim for contributory trademark infringement "because [p]laintiff does not allege that Defendant had knowledge of specific acts of infringement, the Court concludes that Plaintiff has not adequately alleged that Defendant knew of acts of direct infringement") (quotation omitted).  Instead, Ligeri cursorily asserts that Amazon has "rebrand[ed]" his products on Amazon.  Case No. 25-796, Dkt. # 1 at 7–8.  This is insufficient to state a plausible claim.  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").[12]

---

[12] Ligeri also asserts a claim for false designation of origin under 15 U.S.C. § 1125(a).  Under the Lanham Act, a claim for false designation of origin has the same elements as a claim for trademark infringement.  *Melwani v. Amazon.com, Inc.*, No. C21-1329RSM, 2022 WL 3683807, at *3 (W.D. Wash. Aug. 25, 2022); *Monster Energy Co. v. BeastUp LLC*, 395 F. Supp. 3d 1334, 1350 (E.D. Cal. 2019).  Thus, the Court's ruling on the trademark infringement claim provides the basis for dismissal of Ligeri's false designation of origin claim.

Ligeri also contends that Amazon violated the Washington Consumer Protection Act (CPA).  His claim is based on the same allegations concerning his trademark infringement and false designation of

Thus, the Court dismisses Ligeri's intellectual property claims without prejudice.  The Court also grants Ligeri leave to amend as to his trademark infringement, false designation of origin, and CPA claims.  *See Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

**IV**

**CONCLUSION**

For the above reasons, the Court ORDERS as follows:

- The Court DENIES Ligeri's Motion to Vacate Judicial Reassignment.  Case No. 25-764, Dkt. # 15; Case No. 25-796, Dkt. # 13; Case No. 25-860, Dkt. # 13.

- The Court DENIES Ligeri's "Motion to Clarify Procedural Posture, Respond to Defendants' Motions Rife with Character Attacks, and Request Oral Argument on the Matters Before the Court."  Case No. 25-764, Dkt. # 20; Case No. 25-796, Dkt. # 19; Case No. 25-860, Dkt. # 20.

- The Court GRANTS Amazon's Motion to Consolidate.  Case No. 25-764, Dkt. # 9.  The Court ORDERS that Case Nos. 2:25-cv-00764-JHC, 2:25-cv-00796-JHC, and 2:25-cv-00860-JHC pending in this District be consolidated under Case

---

origin claims.  Other courts in this District have noted that "federal claims under the Lanham Act are substantially congruous to state claims under the CPA."  *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, No. C18-1011 RSM, 2020 WL 758070, at *2 (W.D. Wash. Feb. 14, 2020) (quotation omitted).  And "[a]bsent unusual circumstances, the analysis of a CPA claim will follow that of the trademark infringement" claim.  *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010).  Here, no such "unusual circumstances" exist.  Ligeri's CPA claim is based on the same allegations as his federal claims.  Thus, the Court's ruling on the trademark infringement claim also provides the basis for dismissal of Ligeri's CPA claim.

No. 2:25-cv-00764-JHC for all purposes, including trial.  All future pleadings shall be filed in Case No. 2:25-cv-00764-JHC and bear this case number.

- The Court GRANTS Amazon's Motion to Compel Arbitration.  Case No. 25-796, Dkt. # 15; Case No. 25-860, Dkt. # 15.

- The Court GRANTS Amazon's Rule 12(b)(6) Motion as to Ligeri's intellectual property claims.  Case No. 25-796, Dkt. # 15.  The Court DISMISSES Ligeri's Lanham Act claims for trademark infringement and false designation of origin and his Washington CPA claim without prejudice.  The Court GRANTS Ligeri leave until August 29, 2025, to file an amended complaint; such leave is limited to the claims dismissed without prejudice here.

- The Court DENIES Amazon's Motion to Stay Discovery and 26(f) Deadlines as moot.  Case No. 25-860, Dkt. # 25.

Dated this 30th day of July, 2025.


John H. Chun
United States District Judge

ORDER- 21